```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
RAMONA ARCE,

                       Plaintiff,           06-CV-6664

            v.                              **DECISION**
                                            **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                       Defendant.
_____
```

## INTRODUCTION

Plaintiff Ramona Arce ("Arce") brings this action pursuant to Title XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for Supplemental Security Income payments.[1] Specifically, Arce alleges that the decision of an Administrative Law Judge ("ALJ") denying her application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Arce opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 04-CV-0453E) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On July 12, 2001, plaintiff Ramona Arce, at the time a 32 year old former hospital data entry clerk and hotel housekeeper, applied for Supplemental Security Income payments, claiming that she had become unable to work as of July 12, 2001 because of affective disorder, bulimia, arthritis, degenerative joint disease, patellar tendonitis, high blood pressure, obesity, neck pain, and rashes. Arce's application was denied. Thereafter, Arce requested an administrative hearing before an Administrative Law Judge which took place on December 15, 2003. Plaintiff was represented by a paralegal at the hearing.

In a decision dated January 22, 2004, the ALJ found that although Arce's impairments were severe, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Arce's appeal of the ALJ's decision to the Social Security Appeals Board was denied on May 13, 2004, and on June 17, 2004 plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determines that the findings of the Commissioner are supported by substantial

evidence, judgment on the pleadings is hereby granted for the defendant.

II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.</u>

Plaintiff argues that the ALJ failed to discuss or consider the medical testimony from plaintiff's treating psychiatrist, Dr. Concepcion Hernandez, or from plaintiff's mental health counselor. Although the ALJ did not refer to Dr. Hernandez or plaintiff's mental health counselor by name, he did consider the report which Dr. Hernandez and plaintiff's mental health counselor submitted together (Transcript of Administrative Proceedings at pages 238-41) (hereinafter "T."). The report is labeled as Exhibit 15F, and is discussed by the ALJ on page 6 of his decision (T. 21). The ALJ noted the allegation plaintiff made to Dr. Hernandez about her inability to count money and also reported Dr. Hernandez's suspicion of "limited intelligence" (T. 21, 239-40). The ALJ also noted, however, that Dr. Hernandez's suspicion of limited intelligence was not substantiated by objective medical evidence, such as an intelligence test, and that plaintiff's statement that she cannot count money is a subjective complaint that was also not tested or supported by objective criteria. Furthermore, Dr. Hernandez and plaintiff's mental health counselor specifically declined to opine on plaintiff's ability to engage in sustained work activity (T. 241). Treating physician Dr. Leroy McCune, consultative psychologist Dr. Robert Hill, and State non-examining psychiatrist Dr. George Bennett, all opined that plaintiff was able

to perform mental work-related activities without limitation (T. 176-77, 186, 204, 208-20, 238-41). Viewing the record as a whole, including the testimony of Dr. Hernandez and plaintiff's mental health counselor, the ALJ properly evaluated this testimony and correctly found that plaintiff is not disabled.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 25, 2007